IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **AmGuard Insurance Company,** | § § | |
| Plaintiffs, | § § | |
| v. | § § | 4:16-cv-02592 |
| **Baths of America, Inc. et al.,** | § § | |
| Defendants | § § | |

### The Meisels' Reply in Support of Their Renewed Motion for Fees

The Meisels reply to address three points AmGuard raises:

- The degree of the Meisels' success vis-à-vis the fees requested;
- The impact of a private settlement offer by AmGuard; and
- The timeliness of the request for costs given this Court's order staying the issue.

As demonstrated below, none of AmGuard's arguments merit a reduction in the fees or costs the Meisels seek, because (1) the degree of their success was fully accounted for in calculating the lodestar amount, (2) a private settlement offer does not support reduction of a fee award under Texas law, and (3) the Meisels did timely seek costs within 14 days of the original judgment, after which this Court stayed—with AmGuard's consent—consideration of fees and costs until after the appeal was resolved.

### Argument

**1.      The degree of success is already part of the lodestar amount as one of the *Arthur Andersen* factors.**

At the outset we must recall, given how AmGuard relies on federal cases, that the fee award here is governed by the law that controls the substantive issues in the case—which is to say, Texas law, not federal law. *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

Because Texas law governs the merits, Texas law "controls both the award and the reasonableness of fees awarded." *Id.*; *Montgomery v. State Farm Lloyds*, 2023 WL 6465134, *1 (N.D. Tex. 2023).

Under Texas law (and as recognized by the Fifth Circuit), the degree of success or the results obtained by the Meisels is an ingredient already baked into the lodestar amount that the Meisels have sought, because the outcome is one of many factors in assessing the lodestar. *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 493-94 (Tex. 2019). The results obtained is one of eight *Arthur Andersen* factors that guide the factfinder in setting what is reasonable and necessary. *See id.*

Disproportion, however, between the fees requested and the damages awarded "will **not** alone render an attorneys' fees award excessive." *Montgomery*, 2023 WL 6465134 at *3 (emphasis added). In fact, the Fifth Circuit has gone so far as to say it would be an "abuse of discretion" to reduce a fee award "solely on the basis of the amount of damages obtained." *Black v. SettlePou, P.C.*, 732 F.3d 492, 503 (5th Cir. 2013). Yet that is what AmGuard invites this Court to do.

For one thing, AmGuard invites this Court into error because under Texas law, trial courts cannot reduce a fee award based on a factor already part of the lodestar calculation, as the lodestar amount already accounts for most of the relevant factors (as with the *Johnson* factors under federal law). *Rohrmoos Venture*, 578 S.W.3d at 500. A "reduction of the base lodestar figure cannot be based on a consideration that is subsumed in the first step of the lodestar method." *Id.*

And that leads to the second problem with AmGuard's argument: as the Meisels' motion demonstrated, their fee request takes into account what AmGuard complains of, because the Meisels *do not seek fees* for claims on which they did not prevail or for claims that they ultimately elected not to pursue. The time spent on those claims, to the extent reasonable segregation was possible, was not part of the hours used in the Meisels' calculation of the

amount due. Thus the "base lodestar amount" the Meisels seek already "accounts for most of the relevant *Arthur Andersen* considerations." *Id.* at 500.

Even AmGuard's own federal cases—though federal law does not govern—say much the same thing, noting that a "low damages award" alone "should not lead the court to reduce a fee award." *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006); *see also Gurule v. Land Guardian, Inc.*, 912 F.3d 252, 258 (5th Cir. 2018) (quoting caselaw). In fact, those cases reaffirm the strong presumption in favor of the lodestar amount and noted that the lodestar may not be adjusted "due to a *Johnson* factor" if the creation of the lodestar took that factor into account. *Saizan*, 448 F.3d at 800; *see also Sims v. Jefferson Downs Racing Ass'n*, 778 F.2d 1068, 1084 (5th Cir. 1985) (citing caselaw). AmGuard's boasting about the modest size of the ultimate damages award to the Meisels cannot detract from the amount of legal work it took to get that award and defend it on appeal.

Finally, AmGuard is asking this Court to compare the wrong amounts. AmGuard looks back to what the Meisels initially sought at the beginning of the case, before discovery and interlocutory rulings narrowed the case and focused both sides' efforts. But in *Gurule* itself (cited by AmGuard), the court discussed a comparison of the fee award sought with the damages that were actually awarded—not merely with a plaintiff's initial demand. 912 F.3d at 259. While the trial court in that case had also discussed the initial damages sought, AmGuard cites no authority allowing a fee award to be diminished simply because a party is not ultimately as successful at trial as he might have hoped. After all, the factor that is part of the lodestar calculation is the *results* obtained in the case, not the damages initially demanded. And even under inapplicable federal caselaw, there is "no *per se* requirement of proportionality in an award of attorney fees." *Gurule*, 912 F.3d at 259; *see also Saizan*, 448 F.3d at 802-03 & n.42 (noting the court had once reversed a fee award "over six and one-half times the amount of damages awarded" and citing cases that compared damages *recovered* with fees sought).

Thus, instead of comparing a stale $5 million figure to the fee request of $1.1 million (Doc. 286 at 1, 6), the right comparison is between the request and the result:

        Final Judgment: $1,469,149.96        Fee Request: $1,141,223.60

As the Court can see, the lodestar amount in the fee request is reasonable and proportionate to the outcome of this case, especially given that the Meisels have already excluded over 400 hours of time related to the bad-faith claim and a further 294 hours related to other matters.[1]  Doc. 283 at 7-8.

2. **AmGuard relies on the wrong body of law as to the effect of a settlement offer, and even looking to the cases it cites, AmGuard has not shown a rejected offer reduces a fee award.**

      Notwithstanding AmGuard's heavy reliance on what it believes was a pivotal moment in the case's history, when AmGuard made a private offer to settle—not a Rule 68 offer of judgment—AmGuard continues to ignore what law is binding.  As noted above, Texas law governs the reasonableness of a fee award where state law governs the merits as it does here.  AmGuard does not dispute this.  And under Texas law, a party's fee award cannot be penalized because of a party's "refusal to enter into [a] settlement."  *State Farm Mutual Auto. Ins. Co. v. Valdez*, 690 S.W.3d 712, 717 (Tex. App.—San Antonio 2024); *see also Nicholson v. Tashiro*, 140 S.W.3d 445, 448 (Tex. App. Corpus Christi-Edinburg 2004).  Parties do, after all, have a *right* to a trial of their dispute, and it improperly penalizes parties exercising that right if their request for fees or costs is denied or reduced due to their declining a private offer to settle.  *See id.*  Simply put, AmGuard is relying on the wrong law.  Federal law does not govern; Texas law does, but AmGuard cites none for the notion that a rejected settlement offer imperils a fee award later.

      Imagine a contrary rule, such as what AmGuard urges.  Lawyers would have to be clairvoyants every time an adversary makes a settlement offer, foreseeing what the ultimate

---

[1] It is telling that even in the caselaw AmGuard cites, a court affirmed a fee award of $34,500 based on a recovery of only $11,426.  *See* Doc. 286 at 4 (citing *Montgomery*).  And in *McKelvey* from out of circuit, the court affirmed a fee award of around $122,000 despite a settlement amount of only $60,000.  768 F.3d at 499.  The fees requested here are *less* than the amount recovered.

4

recovery will be and how much in fees it will take to get there, before advising a client to accept or reject an offer on peril of losing fees otherwise due. If fees could be reduced or denied whenever recovery is less than a settlement offer, parties "would be required to predict with mathematical certainty the jury's award of damages" or "jeopardize his claim for attorney's fees." *See Valdez*, 690 S.W.3d at 718.

And for that matter, AmGuard relies on (inapplicable) federal cases that are distinguishable for the simple reason that they involved Rule 68 offers of *judgment*, not only private settlement offers. In *Gurule*, for example, the Fifth Circuit's holding was that in setting a reasonable fee under certain federal fee-shifting statutes (not applicable here), a court can consider a party's rejection of a Rule 68 offer of judgment that was "more favorable than the judgment obtained." 912 F.3d at 256, 261. What is more, in *Gurule* the fee award was "thirty-three times" the "net recovery"—and the Fifth Circuit affirmed it. *Id.* at 259. AmGuard also cites a case from the Sixth Circuit, but that is not the law here (either state or federal), and none of these cases deal with the impact under Texas law of a private offer to settle on a later fee award.[2]

Finally, AmGuard's argument as to the settlement offer has surface appeal in the first place only because of the Meisels' success on the contract claim but not on the other claims. The offer only appears reasonable in hindsight—but AmGuard has not, crucially, offered either argument or evidence showing that *at the time* of the offer, it was unreasonable for the Meisels to reject it while they were still pursuing in good faith the extra-contractual claims. And for that matter, as noted above the Meisels' fee request already accounts for the lack of success on other claims, further undermining AmGuard's argument.[3]

---

[2] Even the Sixth Circuit case AmGuard cites notes that at least three federal circuits are "skeptic[al]" of fee reductions "based on informal settlement offers." *McKelvey v. Sec. of U.S. Army*, 768 F.3d 491, 498 (6th Cir. 2014).

[3] It is more than a bit rich for AmGuard to say that the Meisels have "inflat[ed]" their fees by "unnecessarily prolonging the litigation," Doc. 286 at 6-7, without mentioning that AmGuard changed counsel midstream and not only re-fought the coverage issue in a motion to reconsider, but later appealed that decision and sought rehearing after losing the appeal. AmGuard is hardly in a position to upbraid the Meisels for fighting back after AmGuard denied coverage and filed this lawsuit. For every dollar of fees awarded, AmGuard has no one to blame but itself.

### 3. The Meisels made a timely request for costs before this Court entered a stay.

AmGuard claims the cost request is untimely under Local Rule 54.2, devoting one paragraph to the argument, but AmGuard ignores the impact of Federal Rules 6 and 83(a). As Rule 83(a)(1) provides, any local rule must be "consistent with" the federal rules, and Federal Rule 6 provides that courts may vary some deadlines by entering an order. *See* Fed. R. Civ. P. 6(a), (b)(1); *see also Jones v. Cent. Bank*, 161 F.3d 311, 313 n.1 (5th Cir. 1998) (noting that district courts have "broad discretion" to "expand filing deadlines," citing Rule 6(b)). And courts have long been held to have inherent power to manage their dockets. *Cf. Gordon v. Lee*, 2018 WL 736262, *4 n.3 (S.D. Miss. 2018) (noting a court's inherent power to "set deadlines"); *Vaughn v. Oktibbeha County*, 2025 WL 2111463, *6 (N.D. Miss. 2025) (noting the "power to stay proceedings" is incidental to the "power inherent in every court to control the disposition of the causes on its docket").[4]

That principle comes into play when the timeline is recalled (which AmGuard doesn't mention). The original final judgment, Doc. 225, was entered on September 29, 2022. The Meisels timely sought fees in the original fee motion on October 13, 2022. Doc. 226. That motion also sought an award of costs. Doc. 226 at 4-5. Thus a request for costs *was* filed within 14 days of the original judgment.

The judgment was amended in March 2023, Doc. 270, but by that time, this Court had entered an order—agreed to by AmGuard—that granted the "Agreed Motion to Stay Consideration" of the Meisels' motion for fees and costs. Doc. 241. That order was entered on November 4, 2022, and was never rescinded after AmGuard appealed nor after the amended judgment was entered, nor did the order set a new deadline for seeking costs after the appeal was resolved. The order instead stated that the Meisels' motion was "terminated pending the results of the appeal." Doc. 241.

---

[4] *See further* 2 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary* § 8:32 & n.5 (citing various circuit courts recognizing that district courts have the power to waive compliance with local rules).

This Court is empowered to vary by order the timing of a deadline under a local rule, and no local rule can be inconsistent with the power courts have to manage their own deadlines. *Cf. Mendez v. Stephens*, 2016 WL 11695867, *2 (N.D. Tex. 2016) (suspending the operation of a local rule). Thus, this Court's November 2022 order staying or terminating the original motion for fees and costs suspended the 14-day deadline set by Local Rule 54.2 to the extent that was necessary, since the Meisels did seek fees and costs within 14 days of the original judgment. Local Rule 54.2 was satisfied, and at any rate does not cover the more nuanced procedural history that developed here. AmGuard's three-sentence effort to deny the Meisels $21,450 in costs should fail, especially in light of AmGuard's own consent to staying consideration of costs until years later.

## Conclusion

AmGuard has not pointed to a single Texas case where fees were reduced despite the fee request being less than the recovery. And while AmGuard focuses on one *Andersen* factor, it has not shown why that one factor, even if it led where AmGuard desires, outweighs all the others that favor awarding the Meisels what they've requested, like the years of time and labor required to get to this result, the ability and experience of the lawyers involved, and the fact that the work was done under a contingency arrangement, increasing the risk and uncertainty for the undersigned over nearly a decade of hard-fought litigation.

On balance, AmGuard has not shown that a reduction in the lodestar amount is justified. The Meisels are due an award of $1,141,223.60 in fees, expenses, and costs.

Respectfully submitted,

/*s/ F. Lee Butler*
F. Lee Butler
Counsel for the Meisels

OF COUNSEL:
Adams & Reese LLP
1221 McKinney, Suite 4400
Houston, Texas 77010

lee.butler@arlaw.com
aaron.mcleod@arlaw.com

## CERTIFICATE OF SERVICE

    I hereby certify that on November 20, 2025, I served a copy of this reply via the CM/ECF system on all counsel of record.

                                                                 */s/ F. Lee Butler*